MARK L. POPE  #182769
Assistant United States Trustee
GREGORY S. POWELL #182199
ROBIN TUBESING #26680-49 [Indiana]
United States Department of Justice
Office of the United States Trustee
2500 Tulare Street, Suite 1401
Fresno, California 93721
Telephone: (559) 487-5002
Telecopier: (559) 487-5030

Attorneys for August B. Landis,
Acting United States Trustee

UNITED STATES BANKRUPTCY COURT

EASTERN DISTRICT OF CALIFORNIA

FRESNO DIVISION

| | | |
|---|---|---|
| In re: | ) | Case No.  13-13501-B-11 |
| | ) | Chapter 11 |
| CANYONS, LLC, | ) | DC No. ET-1 |
| | ) | |
| | ) | Date:   hearing requested |
| | ) | Time:   . |
| | ) | Place:  U.S. Bankruptcy Court |
| | ) |           1300 18th Street, First Floor |
| | ) |           Bakersfield, California |
| Debtor | ) | Judge: Fredrick E. Clement |

**UNITED STATES TRUSTEE'S OBJECTION TO DEBTOR'S
EX PARTE APPLICATION TO EMPLOY COUNSEL**

TO THE HONORABLE FREDRICK E. CLEMENT,
UNITED STATES BANKRUPTCY JUDGE:

August B. Landis, Acting United States Trustee, submits his objection to the Debtor's application for approval of the employment of Eason & Tambornini, a Law Corporation, as bankruptcy counsel as follows:

1. The Debtor filed a voluntary petition under Chapter 11 on May 16, 2013.

2. On June 26, 2013, the Debtor filed an Ex Parte Application for Order Authorizing Employment of Eason & Tamborini, a Law Corporation ("Employment Application").

3. The Employment Application, declaration of Matthew R. Eason ("Declaration"), and a Statement Pursuant to Rule 2016 ("Rule 2016 Statement") were filed as a single document in violation of the United States Bankruptcy Court Eastern District of California Revised Guidelines for the Preparation of Documents and Local Rule 9004-1(a).

1

4. In his Declaration, Mr. Eason states that the Debtor and its principal, Don Hancock, paid Mr. Eason $25,000 prior to filing. The Declaration fails to state the exact amount Don Hancock paid and the nature of the payment (i.e. gift, loan, capital contribution, etc.). This payment from Don Hancock may create a conflict of interest that prevents the employment of Mr. Eason.

5. In his Declaration, Mr. Eason states that of the $25,000 retainer, $10,000 remains. Mr. Eason states that the $15,000 was spent to "evalutate the Debtor's financial condition, to determine if Chapter 11 Bankruptcy is appropriate, to prepare the Chapter 11 filing, to prepare draft plans and disclosure statements, **and to cover future services during the first thirty days of the bankruptcy, including but not limited to, attending the initial debtor interview, preparing "First Day Motions" if needed, attending the meeting of creditors, and assisting in collecting and drafting other documents as requested by the trustee.**" (emphasis added). Drawing down the retainer pre-petition to cover post-petition expenses that have not been incurred yet is improper and violates 11 U.S.C. § 330. All payments for post-petition services must be brought by separate motion pursuant to 11 U.S.C. § 330, with notice and hearing.

7. This Court is requested to take judicial notice of the docket and the contents thereof in this case pursuant to Federal Rule of Evidence 201.

WHEREFORE, the United States Trustee respectfully submits that the application to employ should be denied.

Dated: June 27, 2013.                    Respectfully submitted,

                                         Mark L. Pope
                                         Assistant United States Trustee

                                             /s/  Robin Tubesing
                                             Robin Tubesing

                                         Attorney for August B. Landis
                                         Acting United States Trustee

                                         Direct phone: 559-487-5002, ext. 224
                                         E-mail: robin.tubesing@usdoj.gov